UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Hon. Stanley R. Chesler, U.S.D.J. |
| v. | : | |
| | : | Crim. No. 09-237 (SRC) |
| STEPHEN A. FAVATO | : | |
| | : | |

## ORDER

AND NOW, this 4th day of May 2010, upon consideration of the "United States' Motion *in Limine* To Admit Audio and Video Recordings and Transcripts of Those Recordings into Evidence and To Publish Excerpts of Recordings and Transcripts to the Jury During Trial," and of the response of Defendant, Stephen A. Favato, through his counsel, the Law Offices of Alan L. Zegas (Alan L. Zegas, Esq. and William Nossen, Esq. appearing) to that motion, and for the reasons set forth by the Court on the record, on April 26, 2010, after hearing the oral argument of counsel, it is hereby ORDERED that:

(1) the Motion of the United States to admit (a) the recording of a January 23, 2002 telephone conversation between Daniel Funsch and John Rosenberger and (b) excerpts from the recording of the February 28, 2002 meeting between Funsch and Rosenberger is denied without prejudice;

1

(2) the Motion of the United States to admit excerpts from the recording of the July 13, 2004 meeting between Defendant Favato and Funsch is granted, the parties shall consult and attempt to agree upon whether additional portions of the recording should be played under Federal Rule of Evidence 106, and the Court will resolve any disagreements;

(3) the Motion of the United States to admit the recording made by Funsch in the Summer of 2004 of two telephone conversations between Favato and Funsch and one telephone message left by Favato is granted;

(4) the Motion of the United States to admit excerpts from the audio and video recordings of the August 8, 2005 meeting between Favato and Funsch is granted, the parties shall consult and attempt to agree upon whether additional portions of the recordings should be played under Federal Rule of Evidence 106, and the Court will resolve any disagreements;

(5) the Motion of the United States to publish to the jury, simultaneous with the playing of the recordings, transcripts of the recordings is granted; and

(6) the Motion of the United States to admit into evidence the transcripts of the recordings is denied without prejudice.

During the hearing, the Court stated that the defendant can, in the presentation of his case, play the entire recordings of the two meetings between Favato and Funsch. The United States did not and does not interpret this statement as a formal ruling by the Court, and reserves its right to object to the admission of irrelevant, unduly prejudicial, or otherwise inadmissible portions of these recordings. It is the defendant's understanding that the Court did order that these two

recordings from July 13, 2004 and April 8, 2005 could be played in their entirety by the defendant in his case. It is hereby ORDERED that the Court:

__✓__ did rule that the defendant shall have the right, in the presentation of his case, to play the recordings in their entirety.

____ ~~did not rule that the defendant shall have the right, in the presentation of his case, to play the recordings in their entirety.~~

BY THE COURT:

HON. STANLEY R. CHESLER
United States District Judge

3